# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | Case No. 1:17-cr-106 |
| Reynard Verle Red Tomahawk, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's Motion to Dismiss filed on May 17, 2018. See Docket No. 42. The Government filed a response in opposition to the motion on May 29, 2018. See Docket No. 43. The Defendant filed a reply brief on June 8, 2018. See Docket No. 47. For the reasons outlined below, the motion is granted.

## I.  BACKGROUND

On November 19, 1998, Reynard Red Tomahawk was convicted, in the federal District of Montana, of one count of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1) and sentenced to thirty (30) months of imprisonment and three (3) years of supervised release. See Docket No. 22-3. The judgment required Red Tomahawk to comply with the State of Montana Sex Offender Registration requirements pursuant to MCA 46-18-255. See Docket No. 22-3, p. 4. It is undisputed that by virtue of this federal conviction, Red Tomahawk became a tier I sex offender subject to a 15-year registration period under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. §§ 20901-20932. Red Tomahawk is an enrolled member of the Standing Rock Sioux Tribe ("Tribe") whose reservation straddles the South Dakota/North Dakota border.

1

The record is unclear as to when Red Tomahawk was released from prison. However, it could have been no later than 30-months after the date the sentence was imposed, or May 19, 2001. The docket sheet from the District of Montana indicates jurisdiction over Red Tomahawk's supervised release was transferred to the Western District of Arkansas on August 22, 2000. See Docket No. 22-4, p. 5. Other records obtained from the U.S. Marshals Service reveal, although not clearly, that his supervision began on May 5, 2000, and he was revoked on April 2, 2001, and sentenced to 12-months of imprisonment. See Docket No. 28. p. 2. Numerous other violations, including failure to register as a sex offender, kept Red Tomahawk in and out of custody for a total of at least another 30-months until he was arrested on the current charge on May 11, 2017. See Docket Nos. 6 and 28.

On May 10, 2017, Red Tomahawk was charged in the District of North Dakota with failure to register as a sex offender in violation of 18 U.S.C. § 2250. See Docket No. 1. This offense is alleged to have occurred on or about April 8, 2017, through April 20, 2017.

On November 8, 2017, Red Tomahawk filed his first motion to dismiss the indictment contending his obligation to register under SORNA expired prior to the offense dates listed in the indictment. See Docket No. 21. The Government argued Red Tomahawk was obligated to register under SORNA since the registration period is subject to tolling. The Court denied the first motion in an order dated February 7, 2018. See Docket No. 32. In that Order, the Court determined that (1) the registration periods set forth in SORNA are not subject to tolling, (2) Red Tomahawk is no longer subject to a federal registration requirement under SORNA itself, and (3) Red Tomahawk may be prosecuted federally under SORNA for failure to comply with the Standing Rock Sioux Tribe's sex offender registration laws. As it was unclear what the Tribal registration requirements were, the

Court invited Red Tomahawk to renew his motion should he ascertain that he was no longer required to register under Tribal law.

On May 17, 2018, Red Tomahawk filed what he described as a "Supplement to Motion to Dismiss." See Docket No. 42. The Court directed the Clerk to treat the filing as a motion to dismiss as Red Tomahawk was essentially renewing his motion and raising a new issue. In his motion, Red Tomahawk explains that he is subject to a twenty-five year registration period under Tribal law. However, Red Tomahawk also contends he cannot be prosecuted under SORNA for his failure to comply with the Tribal registration requirement as the federal and Tribal registration requirements are independent, and his obligation to register under federal law has expired. This second or renewed motion to dismiss has now been fully briefed and is ready for decision.

## II.     STANDARD OF REVIEW

An indictment or information must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). If the government fails to plead conduct that is consistent with a violation of a criminal statute, the indictment or information is subject to dismissal for failure to state an offense. See United States v. Clark, 646 F.2d 1259, 1262 (8th Cir. 1981); see also Fed. R. Crim. P. 12(b)(3)(B)(v). Claims that a statute named in an indictment does not proscribe the alleged conduct are also treated as claims that the indictment "fails to state an offense." See United States v. Adesida, 129 F.3d 846, 850 (6th Cir. 1997) (recognizing that "if an indictment does not charge a cognizable federal offense, then a federal court lacks jurisdiction to try a defendant for violation of the offense").

In the Eighth Circuit Court of Appeals, an indictment or information is sufficient only if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008). If an indictment fails to allege acts that constitute a violation of law, the indictment is subject to dismissal for failure to state an offense pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v). See United States v. Polychron, 841 F.2d 833, 834 (8th Cir. 1988). "An indictment is normally sufficient if its language tracks the statutory language." Sewell, 513 F.3d at 821. However, if the Government has applied an erroneous interpretation to the statutory language to attempt to reach actions not prohibited by the statute, the indictment or information is subject to dismissal. See United States v. Teh, 535 F.3d 511, 515 (6th Cir. 2008); United States v. Foley, 73 F.3d 484, 488 (2d Cir. 1996); United States v. Meacham, 626 F.2d 503, 509 (5th Cir. 1980).

III.    **LEGAL DISCUSSION**

The Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act") was enacted by Congress and signed into law by President Bush on July 27, 2006. Pub. L. 109-248, § 1-155, 120 Stat. 587, 590-611 (2006) (originally codified at 42 U.S.C. §§ 16901-16929, now codified at 34 U.S.C. §§ 20901-20932). The Adam Walsh Act contains the Sex Offender Registration and Notification Act (SORNA). SORNA creates an independent federal obligation on individuals convicted of a "sex offense" to register with a sex offender registry. See 18 U.S.C. § 2250. SORNA is intended to protect the public from sex offenders and establish a comprehensive national database for the registration of such offenders. Thus, SORNA creates a new federal offense for failure to

register. Section 2250 imposes criminal penalties of up to ten years imprisonment and a $250,000

fine on individuals required to register under SORNA, who travel in interstate commerce or enter

Indian country, and who knowingly fail to register or update their registration. 18 U.S.C. § 2250.

The relevant portion of Section 2250 provides as follows:

(a) In general.--Whoever--

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250.

SORNA provides that a sex offender must initially register in the relevant jurisdiction before

completing a period of imprisonment, or no later than three business days after being sentenced if

not sentenced to imprisonment. 34 U.S.C. § 20913(b). Thereafter, a sex offender is required to keep

his/her registration current by appearing in person in at least one jurisdiction in which the sex

offender is required to register, and informing the registering agency of any changes in information,

such as changes of name, residence, or employment status. 34 U.S.C. § 20913(c). SORNA requires

Tier I sex offenders to register for 15 years, Tier II sex offenders to register for 25 years, and Tier

III sex offenders to register for life. 34 U.S.C. § 20915(a). A Tier I sex offender may have his period

of registration reduced by five years if he keeps his record clean. 34 U.S.C. § 20915(b).

Jurisdictions covered include all states, federal territories, and federally recognized Indian tribes.

34 U.S.C. § 20911(10)

The indictment in this case reads as follows:

The Grand Jury Charges:

From on or about April 8, 2017, to on or about April 20, 2017, in the District of North Dakota,

REYNARD VERLE RED TOMAHAWK,

as a person required to register under the Sex Offender Registration and Notification Act, and as a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under federal law for sexual assault Case Number CR 97-107-BLG-JDS, with judgment entered by the Federal District Court of Montana on November 19, 1998, traveled into and resided on the Standing Rock Indian Reservation in Sioux County, North Dakota, and knowingly failed to register as required by the Sex Offender Registration and Notification Act.

In violation of Title 18, United States Code, Section 2250.

See Docket No. 1.

It is undisputed that Red Tomahawk is a Tier I sex offender based upon his federal conviction for abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1). SORNA requires a Tier I sex offender to register for fifteen years. 34 U.S.C. § 20915(a). The SORNA registration period begins to run when the sex offender is released from prison on the conviction giving rise to the registration requirement. United States v. Del Valle-Cruz, 785 F.3d 48, 55 (1st Cir. 2015); United States v. Gundy, 804 F.3d 140, 147-48 (2nd Cir. 2015). Once the registration period is complete the sex offender is no longer subject to SORNA's registration requirement. Gundy, 804 F.3d at 147.

Red Tomahawk contends he cannot be prosecuted for violating SORNA because his obligation to register has expired. It is undisputed that more than fifteen years elapsed between the time Red Tomahawk was released from federal prison (no later than May 19, 2001) and the offense dates listed in the indictment (April 8, 2017, through April 20, 2017). The Court previously rejected the Government's tolling argument. See Docket No. 32. The issue now before the Court, which was not fully addressed in Red Tomahawk's first motion to dismiss, is whether Red Tomahawk's failure to comply with the Tribe's twenty-five year registration requirement leaves him open to prosecution in federal court for a violation of SORNA.

In support of his contention that tribal and federal registration requirement are independent, Red Tomahawk cites *United States v. Billiot*, 785 F.3d 1266 (8th Cir. 2015). The Government offers no case law in support of its contention otherwise. In *Billiot*, the defendant was convicted of a sex offense in state court in Louisiana, sentenced to a term of imprisonment, and released from custody in February 2000. Id. at 1267-68. At the time of his release, the defendant was required by Louisiana law to register for a period of ten years, but in 2012 a change in Louisiana law imposed a lifetime registration requirement. Id. at 1268. SORNA became law in 2006. The defendant initially complied with Louisiana's laws requiring him to register as a sex offender. However, in 2012, the defendant moved to Arkansas and failed to register thereafter. Id. at 1268. In 2013, the defendant was charged in federal court in Arkansas with failing to register as required by SORNA. The defendant entered a conditional guilty plea which permitted him to bring an ex post facto challenge to the changes in Louisiana law which required him to register for life. Id. at 1269. The Eighth Circuit Court of Appeals rejected the ex post facto challenge as misplaced because "SORNA imposes an independent *federal* obligation for sex offenders to register that does not depend on, or

incorporate, a state-law registration requirement." Id. at 1269 (emphasis in original). The Eighth Circuit further explained that while SORNA obligations are often imposed as a result of an underlying state court sex offense conviction, the SORNA reporting requirements are "independent of the state reporting requirements" and the constitutionality or applicability of a state's sex offender registration requirements "have no bearing on [the defendant's] SORNA conviction." Id. at 1269.

Other cases involving SORNA lend support to the Eighth Circuit's holding in *Billiot* that state and federal registration requirements are independent. See Del Valle-Cruz, 785 F.3d at 55 (calculating the length of defendant's duty to register under federal law); Gundy, 804 F.3d at 148 (noting that once a person's federal registration period is complete he is no longer subject to SORNA's registration requirement even though he remains a sex offender); United States v. Gudger, 624 Fed. App'x 394, 396 (6th Cir. 2015) (noting SORNA is a separate federal obligation which itself specifies how long a sex offender must register); United States v. Thompson, 431 Fed. App'x 2, 3 (1st Cir. 2011) (observing that SORNA's "registration requirements for sex offenders are neither conditioned on nor harnessed to state implementation of SORNA's state-directed mandates"); United States v. Goguen, 218 F. Supp. 3d 111, 118 (D. Me 2016) (finding federal registration obligations are independent of duties to register under state law). In *Goguen*, the defendant was required to register for life under SORNA but was no longer required to register under Maine law. Id. The defendant's arguments relying on state law were rejected based on the independent nature of SORNA's registration requirement which is separate from state law. Id.

In this case, it is undisputed that Red Tomahawk is no longer subject to a federal registration requirement under SORNA because his 15-year registration period under SORNA expired prior to the offense dates alleged in the indictment. *Billiot* makes it clear that SORNA imposes an

independent federal registration requirement that does not rely on or incorporate any state or tribal registration requirements. <u>Billiot</u>, 785 F.3d at 1269; <u>Goguen</u>, 218 F. Supp. 3d at 118. The independent nature of SORNA's registration requirement cuts both ways as in some cases the federal registration obligation is longer than the registration period imposed under state law. <u>See</u> <u>Goguen</u>, 218 F. Supp. 3d at 118. In this case, the federal sex offender registration obligation is shorter than the tribal registration obligation. Since the tribal and federal registration periods are independent, Red Tomahawk cannot be prosecuted under 18 U.S.C. § 2250 for failing to comply with the Tribe's longer sex offender registration requirements.[1] As such, the indictment fails to state an offense and must be dismissed.

## IV.  CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss (Docket No. 42) is **GRANTED**, and the indictment is dismissed. The Defendant shall be released from custody.

**IT IS SO ORDERED.**

Dated this 20th day of June, 2018.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

---

[1] This conclusion is contrary to the Court's earlier February 7, 2018, order (Docket No. 32) wherein the Court erroneously concluded, without the benefit of full briefing and without having read *Billiot*, that Red Tomahawk could be prosecuted under SORNA for failing to comply with the Tribe's registration requirements. The Government has not offered any case law from the Eighth Circuit or from any other federal district court or appellate court to support a contrary conclusion.